trolled substance with intent to distribute and was sentenced to serve 168 months in prison and a three-year term of supervised release. Now, he argues that the district court committed clear error at sentencing by erroneously calculating the amount of heroin for which he should be held responsible under U.S.S.G. § 1B1.3. Under Dears's view, heroin attributable to his state conviction should not have been used to calculate the instant sentence. Dears has not shown error in connection with his sentence.

We review this claim for clear error. *See United States v. Betancourt*, 422 F.3d 240, 244–45 (5th Cir.2005). As long as a factual finding is plausible in light of the record as a whole, it is not clearly erroneous and should be upheld. *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir.2013).

"A presentence report generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *United States v. Nava*, 624 F.3d 226, 231 (5th Cir.2010) (internal quotation marks and citation omitted). The defendant bears the burden of presenting evidence to show that the facts contained in the presentence report are inaccurate or materially untrue. *Alaniz*, 726 F.3d at 619. Because Dears adduced no evidence to rebut the factual findings in the PSR, the district court was free to adopt those findings, including the finding that he was responsible for more than eight kilograms of heroin. *See Alaniz*, 726 F.3d at 619.

Insofar as Dears contends that amounts of heroin involved with his state offense could not be used to calculate his federal sentence under U.S.S.G. § 1B1.3, comment.(n.8), he misreads that note. Because this case does not involve grouping of offenses under U.S.S.G. § 3D1.2(d), § 1B1.3 is inapplicable. *Cf. United States*

the limited circumstances set forth in 5TH CIR.

*v. Bell*, 46 F.3d 442, 445 (5th Cir.1995) ("Since the state and federal charges arose from the same criminal conduct, all of the defendant's conduct underlying the state charges would have fallen within the definition of 'relevant conduct' under the guidelines."); *United States v. Rosogie*, 21 F.3d 632, 634 (5th Cir.1994) (noting that the Constitution does not prohibit dual sovereigns from separately punishing an individual for the same conduct that violates both state and federal laws).

Finally, to the extent Dears complains that he was sentenced based on acts he took before the explicit date mentioned in the indictment, this argument offers him no succor. Although these quantities are arguably outside the time frame of the conspiracy alleged in the indictment, they are attributable to Dears as relevant conduct because they are part of the same scheme as the offense of conviction. *See United States v. McCaskey*, 9 F.3d 368, 375 (5th Cir.1993).

AFFIRMED.

**Darlene D. RYAN, Plaintiff–Appellant**

v.

**Carolyn W. COLVIN, Acting Commissioner of Social Security, Defendant–Appellee.**

**No. 14–30431.**

United States Court of Appeals, Fifth Circuit.

Nov. 26, 2014.

James Spruel, Jr., Law Offices of James Spruel, Jr., Lake Charles, LA, for Plaintiff–Appellant.

R. 47.5.4.

Jose Ricardo Hernandez, Special Assistant U.S. Attorney, Aminah Maurita Collick, Social Security Administration Office of the General Counsel Region VI, Dallas, TX, Katherine Wharton Vincent, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Lafayette, LA, for Defendant–Appellee.

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5TH CIR. R. 47.6.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Brian DAVIS, Defendant–Appellant.**

**No. 14–30263**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 26, 2014.

Carol Mignonne Griffing, Alexander Coker Van Hook, Esq., Assistant U.S. At-

torney U.S. Attorney's Office, Shreveport, LA, for Plaintiff–Appellee.

Christopher Albert Aberle, Mandeville, LA, for Defendant–Appellant.

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM: *

Brian Davis pleaded guilty of conspiring to possess cocaine base and possession of cocaine base (two counts), and he was sentenced within the sentencing guidelines range to concurrent 120–month terms of imprisonment and to concurrent four-year periods of supervised release.

Davis has moved for dismissal of his appointed counsel and for leave to proceed pro se in this appeal. Although Davis has expressed an unequivocal desire to proceed pro se, his request was untimely because it was made after counsel filed his merits brief and after the Government filed its brief. *See United States v. Wagner,* 158 F.3d 901, 902–03 (5th Cir.1998). The motion is DENIED.

Through counsel, Davis contends that the district court erred at sentencing in finding him responsible for all of the cocaine purchased and sold by his coconspirator/supplier and in failing to make adequate findings with respect to that issue in overruling his drug-quantity objection.

The record reflects that Davis trafficked in large quantities of cocaine and methamphetamine and was present on at least one

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.